UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NU IMAGE, INC**,<br><br>                    Plaintiff,<br><br>v.<br><br>**DOES 1- 23,322**,<br><br>                    Defendants. | Civil Action No. 11-cv-00301 (RLW) |

## ORDER TO SHOW CAUSE

This Court recently held a status conference to discuss several issues that have recently come to light regarding this case, including the status of the expedited discovery requested by Plaintiff and Plaintiff's basis for venue, joinder, and personal jurisdiction with respect to all putative defendants in this case.

On February 17, 2011, Plaintiff sought leave of the Court to serve limited discovery prior to a Rule 26(f) conference on several non-party Internet Service Providers (ISPs) to determine the true identities of the Doe Defendants, and requested that the Court "enter an order allowing Plaintiff to serve Rule 45 subpoenas on the ISPs immediately and that the ISPs shall comply with the subpoenas. [DKT #5]. The Court granted Plaintiff's motion and entered an order consistent with Plaintiff's request on March 17, 2011. [DKT #6].

Now, over two months later, Plaintiff has informed the Court that not a single subpoena has been served in this case. The Court finds this especially surprising given the fact that one of Plaintiff's stated reasons for "good cause" for the expedited discovery was that the ISPs typically retain the information that Plaintiff seeks for only a limited period of time, and if this information is erased, Plaintiff will be unable to pursue its lawsuit. [DKT #5]. Plaintiff's delay

in pursuing the discovery they requested on an expedited basis is inexcusable.[1]

In its original and amended complaints for copyright infringement, Plaintiff alleges that venue is proper under 28 U.S.C. §§ 1391(b) and 1400(a).  28 U.S.C. § 1391(b) sets forth the general venue requirements when jurisdiction is not based on diversity:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  The copyright venue statute, 28 U.S.C. § 1400(a), is more restrictive.  It provides that "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found."  28 U.S.C. § 1400(a).

However, Plaintiff cites to no authority that supports the proposition that § 1391(b), and not § 1400(a), is the controlling venue statute in copyright cases.  In fact, the weight of authority strongly indicates that § 1391(b) is inapplicable to this case.  Indeed, the Supreme Court held long ago that "[t]he venue of suits for infringement of copyright is not determined by the general provision governing suits in the federal district courts," but rather by the specific copyright venue provision passed by Congress.  Lumiere v. Mae Edna Wilder, Inc., 261 U.S. 174, 176 (1923) (discussing the general venue provision in Section 51 of the Judicial Code (Act March 3,

---

[1] During the June 2, 2011 Status Conference, counsel for Plaintiff stated that he refrained from serving the subpoenas on the ISPs because of potentially case-dispositive issues the Court raised with respect to venue, joinder, and personal jurisdiction in this case.  The Court notes that it did not raise these issues until its Minute Order entered on May 25, 2011.

1911, c. 231, 36 Stat. 1101) and the venue provision found in the Copyright Act of 1909[2]. See also Time, Inc. v. Manning, 366 F.2d 690, 696 (5th Cir. 1966) (noting that if the plaintiff's cause of action was a claim under federal copyright law, "the suit may be brought only in the district where the defendant 'resides or may be found'" (quoting 28 U.S.C. § 1400(a)); Goldberg v. Cameron, 482 F.Supp.2d 1136, 1143 (N.D. Cal. 2007) (section 1400(a) governs venue for copyright infringement suits (citing Lumiere)). Furthermore, the Supreme Court has also held that 28 U.S.C. § 1400(b), a related venue statute for patent infringement actions, "is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c)." Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 229 (1957). Accordingly, Plaintiff's reliance on § 1391(b) appears to be unfounded and venue is this case is only proper in a district in which "the defendant or his agent resides or may be found."[3] 28 U.S.C. § 1400(a).

Here, Plaintiff conceded at the status conference that the vast majority of the 23,322 putative defendants do not reside in the District of Columbia. Furthermore, while counsel for Plaintiff has posited theories about how some of the putative defendants residing outside of this

---

[2] Section 1400(a) contains the same relevant language as the Copyright Act of 1909, which stated: "[t]hat civil actions, suits, or proceedings arising under this Act may be instituted in the district of which the defendant or his agent is an inhabitant, or in which he may be found." Act of March 4, 1909, ch. 320, § 35, 35 Stat. 1075, 1084

[3] It is well established that § 1400(a)'s "may be found" clause refers to a judicial district in which a defendant is subject to personal jurisdiction. See Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co., Inc., 8 F.3d 441, 445-47 (7th Cir. 1993). This court may assert personal jurisdiction over a defendant only if the District of Columbia's long-arm statute authorizes it and to the extent permitted by due process. The applicable long-arm statute provides that a District of Columbia court may exercise personal jurisdiction where a defendant either (1) causes tortious injury in the District of Columbia by an act or omission in the District of Columbia; or (2) causes tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia. See D.C. Code § 13-324(a)(3)-(4).

district may have committed copyright infringement inside of this district, no evidence has been presented in this regard.

As Plaintiff acknowledges in its Motion for Leave To Take Discovery Prior to Rule 26(f) Conference [DKT #5], the Court should consider whether the complaint will survive a motion to dismiss when ruling on a motion for expedited non-party discovery.  The Court finds it inappropriate and a waste of scarce judicial resources to allow and oversee discovery on claims or relating to defendants that cannot be prosecuted in this lawsuit.  If venue is improper in this district, the Court must either dismiss the case or transfer it to a court in which venue is proper.  See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").   Because Plaintiff has taken no action on the expedited discovery that this Court granted over two months ago, and Plaintiff has not made any showing why venue is proper for all putative defendants in this case pursuant to 28 U.S.C. § 1400(a), the Court vacated its March 17, 2011 Order granting Plaintiff leave to take discovery prior to a Rule 26(f) conference.

The Court hereby ORDERS Plaintiff, if it intends to pursue the previously filed motion for expedited discovery, to show cause as to why venue and joinder is proper for all 23,322 putative defendants in this case.  Alternatively, Plaintiff may seek leave to amend its complaint to name a certain subset of defendants and file a new motion for expedited discovery, addressing both legally and factually why venue and joinder is proper as to each defendant, and how Plaintiff intends to establish the same.  In either case, Plaintiff shall submit a proposed discovery plan that: 1) sets forth a time certain for which it seeks to pursue non-party discovery on an expedited basis; and 2) outlines how Plaintiff intends to serve each defendant within 120 days of

filing the amended complaint pursuant to Rule 4(m) or proposes any extensions Plaintiff may seek in order to effectuate service on all named defendants. Plaintiff's response to this Order shall be filed no later than June 21, 2011.

SO ORDERED.

DATE: June 7, 2011

_____/s/_____
ROBERT L. WILKINS
United States District Judge