### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NU IMAGE, INC**, <br><br> Plaintiff, <br><br> v. <br><br> **DOES 1- 23,322**, <br><br> Defendants. | Civil Action No. 11-cv-00301 (RLW) |

### MEMORANDUM OPINION DENYING MOTION FOR EXPEDITED DISCOVERY

The Plaintiff in this action, Nu Image, Inc., is a California corporation that allegedly owns the copyright and/or pertinent exclusive rights to a motion picture entitled "The Expendables."  Plaintiff brings this copyright infringement action against 23,322 John Doe Defendants, who have allegedly employed the Internet to use "BitTorrent protocol" or "torrent" software to unlawfully download a pirated copy of Plaintiff's movie onto their computers.  The Plaintiff alleges that the BitTorrent technology allows a Defendant who downloads the movie to also assist in the uploading of a copy of the movie to someone else, leading to "swarm downloads" and "viral" infringement of its copyright rights.  Plaintiff alleges in its complaint that the true names and addresses of the Defendants are unknown to it at this time, but that its investigation has revealed the Internet Protocol ("IP") address that was assigned to each Defendant by his or her Internet Service Provider at the time of the alleged infringing activity.  Before the Court is Plaintiff's motion to serve discovery prior to a Rule 26(f) conference on several non-party Internet Service Providers (ISPs) to determine the true identities and addresses of the 23,322 Doe Defendants.

On June 7, 2011, the Court issued an order to show cause.  In that order, the Court ordered Plaintiff to:

> show cause as to why venue and joinder is proper for all 23,322 putative defendants in this case . . . [or alternatively] seek leave to amend its complaint to name a certain subset of defendants and file a new motion for expedited discovery, addressing both legally and factually why venue and joinder is proper as to each defendant, and how Plaintiff intends to establish the same.

June 7, 2011 Order (Docket No. 9 at 4).  Plaintiff has elected not to fully respond to the Court's order, as Plaintiff did not attempt to show why venue was  proper as to all 23,322 putative defendants.  Plaintiff also chose not to submit an amended complaint and a new motion for discovery with respect to a subset of defendants.

Instead, Plaintiff has filed a response that basically contends that joinder is appropriate as to all 23,322 putative defendants, and that Plaintiff should not be required to make a showing as to venue at this time in order to justify the requested discovery.  The Court respectfully disagrees.

Plaintiff argues that its motion is akin to a request for jurisdictional discovery, that jurisdictional discovery is liberally granted in most circumstances, and that it is ordinarily not appropriate for the Court to dismiss a case for lack of venue or personal jurisdiction *sua sponte*. While those propositions are generally true, it is also true that the Court "has broad discretion in its resolution of discovery problems that arise in cases pending before it." Hussain v. Nicholson, 435 F.3d 359, 363 (D.C. Cir. 2006) (citing In re Multi-Piece Rim Prods. Lib. Litig., 653 F.2d 671, 679 (D.C. Cir. 1981)); see also Fed. R. Civ. P. 26(b)(2)(c) (requiring the court to limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit"). The Court's broad discretion includes imposing reasonable limitations on discovery, particularly where, as here, the Court has a duty to prevent undue burden, harassment, and expense of third parties.  In re Micron Tech., Inc. Sec. Litig., 264 F.R.D. 7, 9 (D.D.C. 2010) (the "undue burden"

2

test also requires the court to be "generally sensitive to the costs imposed on third-parties").

Furthermore, while jurisdictional discovery is liberally granted, a plaintiff is not entitled to take it

solely because he requests it—he still must make the requisite showing of good cause.  Thus, the

law of this Circuit clearly requires that in order to engage in jurisdictional discovery, the plaintiff

"must have at least a good faith belief that such discovery will enable it to show that the court

has personal jurisdiction over the defendant."  Caribbean Broad. Sys., Ltd. v. Cable & Wireless

PLC, 148 F.3d 1080, 1090 (D.C. Cir. 1998); see also Exponential Biotherapies, Inc. v. Houthoff

Buruma N.V., 638 F. Supp. 2d 1, 11 (D.D.C. 2009) (while as a general matter discovery should

be "freely permitted," jurisdictional discovery is justified only if the plaintiff "reasonably

demonstrates that it can supplement its jurisdictional allegations through discovery").  "Mere

conjecture or speculation" is not enough to justify jurisdictional discovery.  FC Investment

Group LC v. IFX Markets Ltd., 529 F.3d 1087, 1094 (D.C. Cir. 2008).  As is further explained

below, Plaintiff has failed to show good cause to obtain the broad discovery it seeks and has not

demonstrated that it will be able to supplement its jurisdictional allegations through discovery.

 The Court issued the order to show cause, in part, to seek clarity on the issue of venue.  It

is worth noting here that Plaintiff's counsel has brought similar copyright infringement suits

before this Court, and has asserted in each that venue is proper within this District under 28

U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a).[1]  However, when copyright infringement is the

sole claim being alleged, it is misleading, and arguably disingenuous, to assert that venue may be

---

[1] See Achte/Neunte Boll Koni Beteiligungs GMBH & Co. KG v. Does 1 – 4,577, No. 10-cv-00453 (D.D.C. filed March 18, 2010); Call of the Wild Movie, LLC v. Does 1 – 331, No. 10-cv-00455 (D.D.C. filed March 19, 2010); West Bay One, Inc. v. Does 1 – 1,653, No. 10-cv-00481 (D.D.C. filed March 23, 2010); Maverick Entertainment Group, Inc. v. Does 1 – 1,000, No. 10-cv-00569 (D.D.C. filed April 8, 2010); Voltage Pictures, LLC v. Does, No. 10-cv-00873 (D.D.C. filed May 24, 2010); Cornered, Inc. v. Does, No. 10-cv-01476 (D.D.C. filed August 30, 2010); OTT v. Does 1 – 15,551, No. 11-cv-00553 (D.D.C. filed March 11, 2011).

proper under section 1391(b), the general venue statute, when section 1400(a) is the exclusive venue statute for copyright infringement actions.

As described in the Court's prior order, venue for claims asserted under the Copyright Act is governed by 28 U.S.C. § 1400(a), which requires that a civil suit to enforce the Copyright Act be brought in a judicial district "in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). In essence, section 1400(a) requires that every single defendant can be "found here" in order for venue to be proper in this Court. Plaintiff has made no effort to dispute, and has not provided the Court with any authority to dispute, that section 1400(a) is the correct venue provision.[2]

The application of the correct venue statute materially affects the analysis of Plaintiff's motion for leave to take expedited discovery. Application of section 1400(a) means that venue will only be appropriate in this district for those putative defendants who reside in the District of Columbia, or alternatively, as to those putative defendants for whom the Court has personal jurisdiction pursuant to the District of Columbia's long-arm statute, D.C. Code § 13-423. The subsection of the District of Columbia long-arm statute that applies to tort claims – which is used for copyright actions[3] – requires that the tortious injury occur in the District of Columbia in order for this Court to have personal jurisdiction.[4] The District of Columbia's long-arm statute is

---

[2]     The Court's prior Order is attached hereto for ease of reference.

[3]     It is well settled in this jurisdiction that a claim for copyright infringement sounds in tort. Stabilisierungsfonds Fur Wein v. Kaiser, 647 F.2d 200, 207 (D.C. Cir. 1981) (defendants in copyright infringement cases may be sued as joint tortfeasors); Costello Publishing Company v. Rotelle, 670 F.2d 1035, 1043 (D.C. Cir. 1981) ("it is well established that a suit for [copyright] infringement is analogous to other tort actions and infringers are jointly and severally liable").

[4]     The applicable subsections of the long-arm statute provide that a District of Columbia court may exercise personal jurisdiction where a defendant either (1) causes tortious injury in the District of Columbia by an act or omission in the District of Columbia; or (2) causes tortious

"more restrictive than the Due Process Clause of the Constitution—meaning that the District government has made a deliberate decision not to allow access to D.C. courts to every person who is injured here and otherwise could bring a claim for civil redress." Kopff v. Battaglia, 425 F. Supp. 2d 76, 82 (D.D.C. 2006) (citing Crane v. Carr, 814 F.2d 758, 762 (D.C. Cir. 1987) ("The drafters of this provision apparently intended that the (a)(4) subsection would not occupy all of the constitutionally available space.")).  Thus, a District of Columbia court may only exercise personal jurisdiction over a nonresident defendant in this matter if the defendant "causes tortious injury in the District of Columbia."

In a very recent decision, the United States Court of Appeals for the Second Circuit has had occasion to rule, in the context of New York's long-arm statute, on where the tortious injury occurs in an internet piracy copyright infringement action.  Significantly, the District of Columbia's long-arm statute is very similar to New York's statute.  New York's long-arm statute allows a court in New York to exercise personal jurisdiction over an out-of-state defendant when the nondomiciliary: "commits a tortious act without the state causing injury to person or property within the state, ... if he ... expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce."  35 N.Y. C.P.L.R. § 302(a)(3)-(4) (emphasis added).  The Second Circuit, after certifying the question to the New York Court of Appeals, held that for purposes of determining jurisdiction under New York's long-arm statute in a copyright infringement action, the situs of the injury is the location

---

injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.  See D.C. Code § 13-324(a)(3)-(4).  Thus, under either theory, the defendant must "cause tortious injury in the District of Columbia."

of the copyright holder.  Penguin Group (USA), Inc. v. Am. Buddha, 640 F.3d 497, 500-501 (2d

Cir. 2011).  This Court finds the reasoning in American Buddha persuasive, particularly the

explanation that "the unique bundle of rights granted to copyright owners" by the Copyright Act

and the "overarching right to exclude others from using his property" tips the balance in favor of

identifying the situs of the injury as the location of the copyright holder.  Id. at 4 (internal

quotation marks and citation omitted).

    The District of Columbia Circuit has not had occasion to rule on the situs of the tortious

injury in a copyright infringement case for the purpose of the District of Columbia's long-arm

statute.  However, the District of Columbia Circuit has held that economic injury does not

necessarily occur where the plaintiff is domiciled, but rather that the site of the injury is the

location of the "original events that caused the alleged injury."  Helmer v. Doletskaya, 393 F.3d

201, 209 (D.C. Cir. 2004) (declining to exercise personal jurisdiction over plaintiff's fraud claim

because the cause of his injuries occurred in Russia, where his girlfriend had used his credit

cards and purchased and registered in her name a Moscow apartment)[5]; see also Lans v. Adduci

Mastriani & Schaumberg L.L.P., No. 02-21652011, 2011 WL 1957688, at *60 (D.D.C. May 23,

2011) (economic injury occurs at the location of the original event which caused the injury and

not the location where the resultant damages are subsequently felt by the plaintiff); Exponential

Biotherapies, 638 F. Supp. 2d at 10-11 (citing Helmer and explaining that economic injury does

not necessarily occur where plaintiff resides; injury can also occur at the location of the "original

---

[5]    Notably, the District of Columbia Circuit cited approvingly of a Second Circuit case
interpreting New York's long-arm statute, recognizing the similarities between the two statutes
and that the analysis of New York's long-arm statute is relevant to the situs of injury analysis as
it pertains to the District of Columbia statute.  Id. at 208 (citing Mareno v. Rowe, 910 F.2d 1043
(2d Cir. 1990).  Thus, it is possible that our Circuit may also find persuasive value in the
American Buddha opinion if it ever has occasion to consider the application of the District of
Columbia's long-arm statute to an internet copyright infringement case.

events that caused the injury"); Etchebarne-Bourdin v. Radice, 754 A.2d 322, 327 (D.C. 2000) (holding that tortious injury occurs in D.C. if the "original physical injury" or "triggering event" occurs in D.C.); Kissi v. Hardesty, 3 A.3d 1125, 1131 (D.C. 2010) (finding that defendant's alleged acts of fraud or conversion perpetrated in Maryland do not result in tortious injury in the District of Columbia under the long-arm statute, even when plaintiff is a D.C. resident).

We now turn to Plaintiff's motion.  Plaintiff contends that the requested discovery is in the nature of jurisdictional discovery.  If so, then the question is whether the expedited discovery can be justified because there is good cause to believe that the requested discovery will enable the Plaintiff to show that this Court has personal jurisdiction over the 23,322 putative defendants.

Here, it is undisputed that the copyright owner, the Plaintiff, resides in California.  If the Court were to apply the American Buddha analysis from the Second Circuit, the location of the injury under the District of Columbia's long-arm statute with respect to each of 23,322 putative defendants in this case will be California, and no amount of discovery would affect that analysis.  Thus, using the American Buddha analysis, Plaintiff will not be able to establish personal jurisdiction over putative defendants who reside outside of the District of Columbia.

Alternatively, using the test articulated by the District of Columbia Circuit in Helmer for economic injury, the question is whether Plaintiff has a good faith basis to believe that discovery will show that the "original events that caused the alleged injury" occurred within the District of Columbia.  Plaintiff's theory of copyright infringement alleges that the nature of the BitTorrent technology "makes every downloader also an uploader of the illegally transferred file(s)."  First Am. Compl. ¶ 3.  However, a defendant must first download the file (or at least initiate the download) before he can upload or become a source of download for that infringing file.  Applying these facts to the Helmer analysis, it appears that the "triggering event" must be a

defendant's download of the copyrighted material because the download is the "original event" that caused the injury.  The situs of injury under this analysis will be where the download took place—the location of the putative defendant and his or her computer.  Thus, as applied to the nonresident John Does, the Helmer analysis compels a finding that the tortious injury occurred outside the District of Columbia and there is no good faith basis to believe that discovery would prove otherwise.

Therefore, under either the American Buddha or Helmer analysis, this Court cannot see how Plaintiff can establish that putative defendants who reside outside of the District of Columbia caused tortious injury within the District of Columbia as required by the long-arm statute.  Up to this point, Plaintiff has refused to limit its discovery request to those putative defendants who are likely to reside in the District of Columbia, and Plaintiff has not proffered how the requested discovery will enable it to establish personal jurisdiction (and therefore venue) over the putative defendants who are not District of Columbia residents.  As set forth above, it appears to the Court that any effort to establish personal jurisdiction over the putative defendants who reside outside of the District of Columbia will be futile.[6]

Based on the facts currently before the Court, Plaintiff has only shown good cause for, and will only be entitled to discovery related to, those John Does for whom there is a good faith basis to believe may reside in the District of Columbia.  Plaintiff can establish such a good faith basis for residence or personal jurisdiction by utilizing geolocation services that are generally available to the public to derive the approximate location of the IP addresses identified for each

---

[6]     Since it appears that Plaintiff could not establish personal jurisdiction under either test, this Court need not (and therefore does not) reach a holding as to whether the American Buddha or the Helmer test applies to the District of Columbia's long-arm statute in internet piracy copyright infringement actions.

putative defendant.  Plaintiff argues that these "publicly available IP lookups reveal only where a defendant is 'likely' to be located" and therefore are not sufficiently accurate to resolve the question of whether personal jurisdiction is proper.  June 7, 2011 Response to Order to Show Cause (Docket No. 10 28-29).  To further support its contention, Plaintiff cites to a webpage titled "How accurate is Geolocation?" and provides the following quote:

> [d]etermining the physical location down to a city or ZIP code, however, is more difficult and less accurate because there is no official source for the information, users sometimes share IP addresses and Internet service providers often base IP addresses in a city where the company is basing operations. Accuracy rates on deriving a city from an IP address fluctuate between 50 and 80 percent, according to DNS Stuff, a Massachusetts-based DNS and networking tools firm.

Id.  Plaintiff, however, fails to quote the very next paragraph of the webpage which states:

> Even when not accurate, though, geolocation can place users in a bordering city, which may be good enough for the entity seeking the information. This happens because a common method for geolocating a device is referencing its IP address against similar IP addresses with already known locations.

See http://whatismyipaddress.com/geolocation-accuracy.  It therefore appears that while these geolocation services are not 100% accurate, these services can place a user no farther away than a city that borders the user's actual location.  Thus, the Court finds that the Plaintiff has a good faith basis to believe a putative defendant may be a District of Columbia resident if a geolocation service places his/her IP address within the District of Columbia, or within a city located within 30 miles of the District of Columbia.  Without this threshold good faith showing, the Court finds Plaintiff's motion for expedited discovery inappropriate, as it would otherwise be based on Plaintiff's mere conjecture or speculation that this Court will have personal jurisdiction and

therefore venue over these John Doe defendants.[7]

The Court understands why, for the sake of convenience and expense, the Plaintiff would desire to use this single lawsuit as a vehicle to identify all of the 23,322 alleged infringers. Furthermore, the Court understands and is sympathetic to the need to combat copyright infringement. However, it is not appropriate, and there is not good cause, to take third-party discovery in this case solely to obtain information that will be used in another lawsuit in a different venue. As the Supreme Court has stated, "[i]n deciding whether a request comes within the discovery rules, a court is not required to blind itself to the purpose for which a party seeks information. Thus, when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 n.17 (1978); see also El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc., 344 F. Supp. 2d 986 (S.D. Tex. 2004); Trans Pacific Ins. Co. v. Trans-Pacific Ins. Co., 136 F.R.D. 385, 391 (E.D. Pa. 1991).

In addition, the Court must take into account the delay and unproductive utilization of court resources in prosecuting this lawsuit if the Plaintiff is allowed to seek discovery with respect to all 23,322 putative defendants, only to result in the eventual dismissal of the vast majority of those John Does later when it is revealed that they are not District of Columbia

---

[7]     Plaintiff cites to several cases before this Court where expedited discovery has been granted based on nearly identical allegations. June 7, 2011 Response to Order to Show Cause (Docket No. 10 18-19). Indeed, initially this Court agreed with the analysis of those other decisions and granted Plaintiff's motion for expedited discovery. The Court's decision to grant Plaintiff's motion was based in large part on the erroneous representation by Plaintiff that 28 U.S.C. § 1391(b) was the appropriate venue statute, and that venue would be proper as long as one defendant could be found within the District of Columbia. However, once the Court realized that 28 U.S.C. § 1400(a) was the appropriate venue statute, and that it requires that every single defendant can be "found here," the Court felt compelled to focus more sharply on personal jurisdiction and the good cause standard for expedited discovery. The Court recognizes its initial error and seeks to correct it here.

residents.  The Court would need to govern litigation over motions to quash third-party

subpoenas and motions to dismiss relating to hundreds or thousands of putative defendants who

cannot be tried in this Court (if they make a motion).

      Plaintiff argues that because lack of venue and personal jurisdiction are waivable

defenses, the Court should not consider those issues in deciding whether to allow the requested

discovery.  Plaintiff's argument ignores the well-settled rule that all discovery requires a showing

of good cause; indeed, our Circuit requires such a showing for jurisdictional discovery, as

discussed <u>infra</u>, even though that defense is waivable.  Furthermore, it defies common sense for

the Court to assume that all of the nonresident John Does will waive viable lack of venue and

lack of personal jurisdiction defenses – indeed, those defenses have been routinely raised in other

similar file sharing lawsuits.

      From a judicial economy perspective, it makes more sense for Plaintiff to bring its case

against those John Does in the court where they have a good faith belief that venue and personal

jurisdiction are attainable and where the case can actually be prosecuted.  This is particularly true

here, where at the rate proposed in Plaintiff's discovery plan, the third-party discovery of the

23,322 IP addresses would take several years to complete.  This delay would be prejudicial to the

defendants residing in the District of Columbia, and it presents multiple case management

problems for the Court.  The delay and case management difficulties are further reason to find

that there is no good cause to grant the motion for leave to take third-party discovery with

respect to all 23,322 putative defendants, where the vast majority of them are almost certainly

outside the jurisdiction and venue of this Court.

      For the foregoing reasons, the Court denies Plaintiff's motion for expedited discovery as

filed.  The Court will entertain a motion by Plaintiff to serve Rule 45 subpoenas on the ISPs to

obtain identifying information only for IP addresses that Plaintiff has a good faith basis to

believe are reasonably likely to correspond to internet accounts located in the District of

Columbia.  An Order consistent with this Memorandum will be issued.


SO ORDERED.

                                       _____/s/_____

DATE:  July 29, 2011                      ROBERT L. WILKINS
                                            United States District Judge

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **NU IMAGE, INC**, |
| Plaintiff, |
| v. |
| **DOES 1- 23,322**, |
| Defendants. |

Civil Action No. 11-cv-00301 (RLW)

## ORDER TO SHOW CAUSE

This Court recently held a status conference to discuss several issues that have recently come to light regarding this case, including the status of the expedited discovery requested by Plaintiff and Plaintiff's basis for venue, joinder, and personal jurisdiction with respect to all putative defendants in this case.

On February 17, 2011, Plaintiff sought leave of the Court to serve limited discovery prior to a Rule 26(f) conference on several non-party Internet Service Providers (ISPs) to determine the true identities of the Doe Defendants, and requested that the Court "enter an order allowing Plaintiff to serve Rule 45 subpoenas on the ISPs immediately and that the ISPs shall comply with the subpoenas. [DKT #5]. The Court granted Plaintiff's motion and entered an order consistent with Plaintiff's request on March 17, 2011. [DKT #6].

Now, over two months later, Plaintiff has informed the Court that not a single subpoena has been served in this case. The Court finds this especially surprising given the fact that one of Plaintiff's stated reasons for "good cause" for the expedited discovery was that the ISPs typically retain the information that Plaintiff seeks for only a limited period of time, and if this information is erased, Plaintiff will be unable to pursue its lawsuit. [DKT #5]. Plaintiff's delay

in pursuing the discovery they requested on an expedited basis is inexcusable.[1]

In its original and amended complaints for copyright infringement, Plaintiff alleges that venue is proper under 28 U.S.C. §§ 1391(b) and 1400(a). 28 U.S.C. § 1391(b) sets forth the general venue requirements when jurisdiction is not based on diversity:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). The copyright venue statute, 28 U.S.C. § 1400(a), is more restrictive. It provides that "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a).

However, Plaintiff cites to no authority that supports the proposition that § 1391(b), and not § 1400(a), is the controlling venue statute in copyright cases. In fact, the weight of authority strongly indicates that § 1391(b) is inapplicable to this case. Indeed, the Supreme Court held long ago that "[t]he venue of suits for infringement of copyright is not determined by the general provision governing suits in the federal district courts," but rather by the specific copyright venue provision passed by Congress. Lumiere v. Mae Edna Wilder, Inc., 261 U.S. 174, 176 (1923) (discussing the general venue provision in Section 51 of the Judicial Code (Act March 3,

---

[1] During the June 2, 2011 Status Conference, counsel for Plaintiff stated that he refrained from serving the subpoenas on the ISPs because of potentially case-dispositive issues the Court raised with respect to venue, joinder, and personal jurisdiction in this case. The Court notes that it did not raise these issues until its Minute Order entered on May 25, 2011.

1911, c. 231, 36 Stat. 1101) and the venue provision found in the Copyright Act of 1909)[2]. See also Time, Inc. v. Manning, 366 F.2d 690, 696 (5th Cir. 1966) (noting that if the plaintiff's cause of action was a claim under federal copyright law, "the suit may be brought only in the district where the defendant 'resides or may be found'" (quoting 28 U.S.C. § 1400(a)); Goldberg v. Cameron, 482 F.Supp.2d 1136, 1143 (N.D. Cal. 2007) (section 1400(a) governs venue for copyright infringement suits (citing Lumiere)). Furthermore, the Supreme Court has also held that 28 U.S.C. § 1400(b), a related venue statute for patent infringement actions, "is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of 28 U.S.C. § 1391(c)." Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 229 (1957). Accordingly, Plaintiff's reliance on § 1391(b) appears to be unfounded and venue is this case is only proper in a district in which "the defendant or his agent resides or may be found."[3] 28 U.S.C. § 1400(a).

Here, Plaintiff conceded at the status conference that the vast majority of the 23,322 putative defendants do not reside in the District of Columbia. Furthermore, while counsel for Plaintiff has posited theories about how some of the putative defendants residing outside of this

---

[2] Section 1400(a) contains the same relevant language as the Copyright Act of 1909, which stated: "[t]hat civil actions, suits, or proceedings arising under this Act may be instituted in the district of which the defendant or his agent is an inhabitant, or in which he may be found." Act of March 4, 1909, ch. 320, § 35, 35 Stat. 1075, 1084

[3] It is well established that § 1400(a)'s "may be found" clause refers to a judicial district in which a defendant is subject to personal jurisdiction. See Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co., Inc., 8 F.3d 441, 445-47 (7th Cir. 1993). This court may assert personal jurisdiction over a defendant only if the District of Columbia's long-arm statute authorizes it and to the extent permitted by due process. The applicable long-arm statute provides that a District of Columbia court may exercise personal jurisdiction where a defendant either (1) causes tortious injury in the District of Columbia by an act or omission in the District of Columbia; or (2) causes tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia. See D.C. Code § 13-324(a)(3)-(4).

district may have committed copyright infringement inside of this district, no evidence has been presented in this regard.

As Plaintiff acknowledges in its Motion for Leave To Take Discovery Prior to Rule 26(f) Conference [DKT #5], the Court should consider whether the complaint will survive a motion to dismiss when ruling on a motion for expedited non-party discovery. The Court finds it inappropriate and a waste of scarce judicial resources to allow and oversee discovery on claims or relating to defendants that cannot be prosecuted in this lawsuit. If venue is improper in this district, the Court must either dismiss the case or transfer it to a court in which venue is proper. See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Because Plaintiff has taken no action on the expedited discovery that this Court granted over two months ago, and Plaintiff has not made any showing why venue is proper for all putative defendants in this case pursuant to 28 U.S.C. § 1400(a), the Court vacated its March 17, 2011 Order granting Plaintiff leave to take discovery prior to a Rule 26(f) conference.

The Court hereby ORDERS Plaintiff, if it intends to pursue the previously filed motion for expedited discovery, to show cause as to why venue and joinder is proper for all 23,322 putative defendants in this case. Alternatively, Plaintiff may seek leave to amend its complaint to name a certain subset of defendants and file a new motion for expedited discovery, addressing both legally and factually why venue and joinder is proper as to each defendant, and how Plaintiff intends to establish the same. In either case, Plaintiff shall submit a proposed discovery plan that: 1) sets forth a time certain for which it seeks to pursue non-party discovery on an expedited basis; and 2) outlines how Plaintiff intends to serve each defendant within 120 days of

4

filing the amended complaint pursuant to Rule 4(m) or proposes any extensions Plaintiff may seek in order to effectuate service on all named defendants.  Plaintiff's response to this Order shall be filed no later than June 21, 2011.


SO ORDERED.

                                                    _____/s/_____
DATE:  June 7, 2011                         ROBERT L. WILKINS
                                                    United States District Judge